NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NARI SUDA, LLC, DBA Nari, a Delaware corporation; PAKIN CORPORATION, DBA Kin Khao, a California corporation, on behalf themselves and all others similarly situated, | No.    21-35846 D.C. No. 3:20-cv-01476-HZ |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| OREGON MUTUAL INSURANCE COMPANY, an Oregon corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted February 9, 2023
Portland, Oregon

Before:  MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

Nari Suda, LLC, and Pakin Corporation (Plaintiffs) appeal the district court's

dismissal of their complaint in this insurance coverage dispute with Oregon Mutual

Insurance Company (Oregon Mutual). We have jurisdiction under 28 U.S.C. § 1291.

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review de novo the district court's order granting Oregon Mutual's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Mudpie, Inc. v. Travelers Cas. Ins. Co.*, 15 F.4th 885, 889 (9th Cir. 2021), and we affirm.

Plaintiffs own two San Francisco Restaurants, Nari and Kin Khao, and they seek coverage under their Oregon Mutual commercial property insurance Policy[1] for economic losses incurred during the COVID-19 pandemic. They allege that Oregon Mutual breached the Policy by refusing to cover their loss of business income and extra expenses resulting from "direct physical loss of or damage to property" and losses caused by operation of "civil authority." This appeal is controlled by *The Oregon Clinic, PC v. Fireman's Fund Insurance Company* (*Oregon Clinic*), __ F.4th __, 2023 WL 4854808 (9th Cir. July 31, 2023). In that case, we applied Oregon law and held that the phrase "direct physical loss or damage" requires "some physical alteration or damage to property" and that consequential losses, such as "loss of use," are insufficient to trigger coverage. *Id.* at *5. As in *Oregon Clinic*, Plaintiffs here do not allege that their "property was lost or damaged by the virus in a manner that required [them] to conduct repairs or replace [their] property to rectify such damage." *Id.* at *7. Instead, Plaintiffs' alleged losses based on their inability to

---

[1]Because the parties agree that the relevant provisions of the two restaurants' insurance policies are identical, we refer to both collectively as the "Policy."

access and fully utilize their property under the state and local government shutdown orders are purely consequential. Although Plaintiffs argue that they *did* allege that COVID-19 was present on their property and caused physical damage in various ways, "without explaining *how* COVID-19 caused such damage or *whether* replacement of physically lost or damaged property was necessary," such conclusory allegations "are insufficient to defeat a motion to dismiss." *Id.*; *see also Turner v. City & County of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015).

Plaintiffs are likewise not entitled to coverage under the Policy's "civil authority" provision because they cannot show that the government shutdown orders (1) prohibited access to their property and (2) were issued due to "direct physical loss of or damage to property" somewhere other than Plaintiffs' property. The relevant shutdown orders expressly allowed Plaintiffs' employees and customers to travel to and enter their restaurants, albeit with restrictions, and the orders overwhelmingly show that they were issued to protect citizens' health by slowing the spread of COVID-19, not in response to any property damage.

**AFFIRMED.**